# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RON BURGET, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 2:14-CV-373-PRC |
| | ) |
| R.A.M. ENTERTAINMENT, LLC and | ) |
| MARK SENAK, | ) |
|         Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 47], filed by Defendant Mark Senak on August 18, 2015, seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7).

On October 13, 2014, Plaintiffs Ron Burget and Dos Amigos, LLC ("Dos Amigos") filed a Complaint against Defendants R.A.M. Entertainment Group, LLC ("RAM") and Mark Senak. Counts I through IV were brought by Burget against Defendants for breach of contract/promissory note (Count I), unjust enrichment (Count II), conversion (Count III), and fraud and misrepresentation (Count IV). Count V was brought by Burget and Dos Amigos, LLC for trademark infringement. On April 2, 2015, the Court granted Plaintiffs' voluntary dismissal of Count V, which terminated this matter as to Plaintiff Dos Amigos, LLC. On July 23, 2015, the Court issued an Opinion and Order, granting in part and denying in part Defendant Mark Senak's Motion to Dismiss, dismissing without prejudice Counts II, III, and IV against both Defendants Mark Senak and RAM Entertainment Group, LLC for failure to state a claim. Therefore, only Count I remains pending against both defendants.

On August 18, 2015, Defendant Mark Senak filed the instant Motion to Dismiss, seeking dismissal of the remaining count of the Complaint under Federal Rule of Civil Procedure 12(b)(7) on the basis that Plaintiff Burget failed to join a necessary party, namely Harry Anthony Flores, the

third unitholder of RAM Entertainment, LLC. On September 15, 2015, Burget filed a response to the Motion to Dismiss, but also filed a Motion to Amend Complaint. The motion was titled "Plaintiff's Motion for Leave to File *Second* Amended Complaint;" however, as no amended complaint has been filed, this matter is currently proceeding on the original Complaint. In the motion, Burget sought leave to amend the Complaint to add Harry Anthony Flores as a defendant in relation to the allegations regarding piercing the corporate veil. The Court denied without prejudice the Motion to Amend Complaint because Burget did not include the original signed proposed amendment as an attachment as required by Northern District of Indiana Local Rule 15-1(a). Burget has not renewed the motion. On September 23, 2015, Senak filed a reply in support of the Motion to Dismiss.

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19, the Court must accept the allegations in the complaint as true but may also consider extrinsic evidence beyond the pleadings. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001). The movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined. *Ochs v. Hindman*, 984 F. Supp. 2d 903, 906 (N.D. Ill. 2013).

However, the 12(b)(7) motion is premature in this case. "It is only after an unavailable party has been deemed 'indispensable' and cannot be joined is a motion brought pursuant to Rule 12(b)(7) appropriate." *Attorneys' Title Ins. Fund v. RSUI Indem. Co.*, No. 114-CV-1267, 2015 WL 1505642, at * 2 (S.D. Ind. Mar. 31, 2015) (citing *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999); *No Bologna Mktg., LLC v. Ryan*, No. 1:09-CV-200, 2010 WL 1286720, at *16 (S.D. Ind. Mar. 26, 2010)). In his memorandum, Senak in fact argues that Floros *can* be joined, asserting that he is

subject to service of process and that his joinder will not deprive the court of subject matter jurisdiction, as Floros is a citizen of Nevada. Therefore, the Court considers the relief sought by Senak to be joinder of a necessary party under Rule 19(a) rather than dismissal of the lawsuit. *See id.* In fact, in his response brief, Plaintiff Burget requests leave to amend the Complaint to add Floros as a party. Notwithstanding Burget's failure to attach a copy of the proposed amended complaint to his motion for leave to file amended complaint, the filing of an amended Complaint to add Floros will resolve the instant motion.

Accordingly, the Court hereby **DENIES** the Motion to Dismiss [DE 47]. The Court **ORDERS** Plaintiff to file an Amended Complaint, solely for the purpose of adding Harry Anthony Floros as a party, on or before **December 2, 2015**.

SO ORDERED this 16th day of November, 2015.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT