UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

RON BURGET and DOS AMIGOS, LLC, )
)
    Plaintiffs, )
)
v. ) CAUSE NO.: 2:14-CV-373-TLS
)
R.A.M. ENTERTAINMENT GROUP, )
LLC, MARK SENAK and HARRY )
ANTHONY FLOROS, )
)
    Defendants. )

## OPINION AND ORDER

This matter is before the Court on a Motion for Default Judgment Against Defendant Harry Floros [ECF No. 86], filed by Plaintiff Ron Burget on July 28, 2017.[1]

Plaintiff Burget has sued the Defendant pursuant to a promissory note, in which the Defendant agreed to pay the Plaintiff $44,136.00 with interest at 4% annually, with equal payments of $2,000.00 per month beginning on August 1, 2014. The Plaintiff alleges that the Defendant has failed to make these payments, despite repeated demands from the Plaintiff.

The Plaintiff obtained a Clerk's Entry of Default [ECF No. 77] against the Defendant pursuant to Federal Rule of Civil Procedure 55(a). In the Plaintiff's Motion for Default Judgment, the Plaintiff requests that the Clerk enter judgment as follows:

1. $48,692.25 (calculated per the promissory note of $44,136.00 with 4% interest from June 3, 2014, through June 3, 2016, and 2% interest thereafter)

2. Attorney's fees in the amount of $15,000 (for 60 hours of work at $250 per hour)

3. Interest post judgment of 8% per annum.

---

[1] On April 6, 2017, the Magistrate Judge ordered Defendant Floros severed as a party defendant, with all dispositive proceedings involving Defendant Floros to be conducted by the District Court Judge. [*See* ECF No. 78]. The Magistrate Judge retains jurisdiction for all other purposes in this case.

The Plaintiff's counsel affirms that the calculation of damages is true and correct.

## ANALYSIS

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

The default of Defendant Floros has already been established, and, as a matter of law, the Defendant is liable to the Plaintiff as alleged in the Complaint. Accordingly, the Plaintiff is entitled repayment of the promissory note, as sought in the Complaint. However, the Court finds that ascertaining with reasonable certainty the Plaintiff's request for $15,000 in attorney fees requires additional documentation substantiating the amount. *See Stark v. PPM America, Inc.*,

354 F.3d 666, 673–75 (7th Cir.2004) (holding that a party seeking attorneys fees must present evidence that would demonstrate that its fees are reasonable); *see also Douglas v. Keen*, No. 07-CV-452, 2007 WL 2915586, at *2 (S.D. Ill. Oct. 5, 2007) (holding that the party seeking default did "not have an attachment showing the itemization of attorneys' fees and costs incurred by the law" and must supplement its motion). Moreover, the Plaintiff requests interest post judgment of 8% per annum, but does not provide an explanation or citation to any particular statute regarding how this rate was reached.

Therefore, the Court orders the Plaintiff to provide the additional necessary documentation and citation substantiating the attorney fees and the post judgment interest rate.

## CONCLUSION

The Plaintiff is granted until September 4 2017, to provide the additional requested documentation and citation in support of the Plaintiff's Motion for Default Judgment Against Defendant Floros [ECF No. 86].

SO ORDERED on August 14, 2017.

                                                  s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT