UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

RON BURGET and DOS AMIGOS, LLC, )
)
    Plaintiffs, )
)
v. ) CAUSE NO.: 2:14-CV-373-TLS
)
R.A.M. ENTERTAINMENT GROUP, )
LLC, MARK SENAK and HARRY )
ANTHONY FLOROS, )
)
    Defendants. )

**OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment Against Defendant Harry Floros [ECF No. 86], filed by Plaintiff Ron Burget on July 28, 2017.[1]

Plaintiff Burget has sued the Defendant pursuant to a promissory note, in which the Defendant agreed to pay the Plaintiff $44,136.00 with interest at 4% annually, with equal payments of $2,000.00 per month beginning on August 1, 2014. The Plaintiff alleges that the Defendant has failed to make these payments, despite repeated demands from the Plaintiff.

The Plaintiff obtained a Clerk's Entry of Default [ECF No. 77] against the Defendant pursuant to Federal Rule of Civil Procedure 55(a). In the Plaintiff's Motion for Default Judgment, the Plaintiff requests that the Court enter judgment as follows: [2]

- $48,692.25 (calculated per the promissory note of $44,136.00 with 4% interest from June 3, 2014, through June 3, 2016, and 2% interest thereafter)

---

[1] On April 6, 2017, the Magistrate Judge ordered Defendant Floros severed as a party defendant, with all dispositive proceedings involving Defendant Floros to be conducted by the District Court Judge. [*See* ECF No. 78]. The Magistrate Judge retains jurisdiction for all other purposes in this case.

[2] The Plaintiff had originally sought attorney's fees. However, pursuant to the Plaintiff's Withdrawal of Request for Attorney Fees [ECF No. 88], the Plaintiff is no longer seeking these fees.

- Interest post judgment of 1.23% per annum (the current federal interest rate).[3]

The Plaintiff's counsel affirms that the calculation of damages is true and correct.

## ANALYSIS

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

---

[3] The Plaintiff requests "[i]nterest post judgment of 8% per annum." (Pl.'s Verified Notice of Default, ECF No. 86). On August 14, 2017, the Court issued an Order [ECF No. 87] asking the Plaintiff to, *inter alia*, provide an explanation or citation to a statute by September 4, 2017, regarding how this rate was calculated. No additional documentation was submitted. Accordingly, the Court will apply the federal interest rate.

The default of Defendant Floros has already been established, and, as a matter of law, the Defendant is liable to the Plaintiff as alleged in the Complaint. The relief sought by the Plaintiff in its Motion for Judgment by Default does not differ in kind from the relief sought in the Complaint. And further, the Plaintiff has filed the Promissory Note [ECF No. 1-1], which allows the Court to ascertain with reasonable certainty the proper amount of monetary relief.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion for Default Judgment [ECF No. 86], AS MODIFIED IN THIS ORDER. Judgment is entered against the Defendant, Harry Foloros, in favor of the Plaintiff, in the amount of $48,692.25, interest post judgment of 1.23% annum.

SO ORDERED on September 14, 2017.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT